# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

Lyle W. Cayce
Clerk

No. 10-20051
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DOLORES OSORTO GONZALEZ, also known as
Jose D. Osorto, also known as Jose Delores Osorto,
also known as Jose Dolores Osorto-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-438-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Dolores Osorto Gonzalez appeals the sentence imposed following his conviction of being found unlawfully present in the United States. He contends that the district court erred in assessing a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), based on his Texas drug conviction, for which he initially received a term of probation but, after his subsequent deportation and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal reentry, he was sentenced to five years of imprisonment. Gonzalez renews his argument that, because he did not receive the qualifying prison term until after his deportation, the temporal requirement of § 2L1.2(b)(1)(A) was not satisfied, and the enhancement did not apply. He alternatively urges that the rule of lenity requires any ambiguity to be resolved in his favor. The Government countered that the enhancement was proper, urging that, so long as the drug-trafficking conviction preceded the defendant's prior deportation, regardless whether the qualifying prison term was imposed following the intervening deportation, the sentence related back to the original conviction, and the enhancement applied.

After briefing was completed in the instant case, this court held that the 16-level enhancement was erroneously assessed on indistinguishable facts. *United States v. Bustillos-Pena*, 612 F3d. 863, 867-69 (5th Cir. 2010) (concluding that it was error to assess the 16-level enhancement where the defendant was deported before being sentenced to more than 13 months of imprisonment on a conviction that predated his deportation and where the defendant was convicted of illegal reentry while incarcerated). Gonzalez now moves, without opposition, to vacate the district court's judgment and to remand for resentencing in light of *Bustillos-Pena*. Accordingly, IT IS ORDERED that, in light of *Bustillos-Pena*, Gonzalez's motion to vacate his sentence and to remand his case to the district court for resentencing is GRANTED.